UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY | CIVIL ACTION |
| | NO.  16-211 |
| VERSUS | |
| | SECTION "N" (5) |
| TERRENCE R. SCOTT | |

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed by third-party defendant, Lighthouse Property Insurance Corporation ("Lighthouse"). (Rec. Doc. 26 at p. 1). The motion is opposed by the third-party plaintiff, USAA General Indemnity Company ("USAA"). Having carefully considered the parties' submissions and the applicable law, **IT IS ORDERED** that Lighthouse's motion seeking dismissal with prejudice of USAA's third-party claims is **GRANTED** for the reasons stated herein.

### I. BACKGROUND

On or about February 20, 2015, Terrence Scott ("Scott") suffered damage to his property in Harvey, Louisiana as the result of a fire. (Rec. Doc. 1 at p. 2). Two homeowners insurance policies allegedly covered the damaged property at the time of the fire: USAA had issued one and Lighthouse the other. (*See* Rec. Doc. 1 at p.2; Rec. Doc. 20 at p. 2).  In the aftermath of the fire, USAA maintains that Scott refused to cooperate in its investigation and concealed information. (Rec. Doc. 1 at p. 7-8). It filed a declaratory judgment action, seeking a decree from this Court that would void the USAA policy based on Scott's conduct. (*Id.* at p. 8-9). In response, Scott asserted a counterclaim against USAA, arguing that the insurer was liable for his losses and acted in an arbitrary and/or capricious manner in denying his claim, in violation the Louisiana bad faith statutes,

La. Rev. Stat. Ann. §22:1892 or §22:1973. (Rec. Doc. 9 at p. 22). USAA then filed a third-party demand against Lighthouse for the proportionate amount of any damages that this Court may determine are owed to Scott.  (Rec. Doc. 20 at p. 5).

USAA's third-party demand is the subject of the motion to dismiss presently before the Court. (*See* Rec. Doc. 26-3). As the basis for the motion, Lighthouse presents two main arguments. (*Id.* at p. 6-11). First, Lighthouse contends that USAA has no standing to assert a cause of action against it, as there is no insurance contract between the two parties and USAA is neither a party to, nor a beneficiary of, Lighthouse's insurance contract with Scott. (*Id.* at p. 6-8).  Second, without a valid insurance claim to be made against it by USAA,  Lighthouse argues that it cannot be held liable by USAA for Scott's Louisiana statutory claims under Louisiana Revised Statutes 22:1892 or 22:1973. (*Id.* at p. 9). The Court will address each argument in turn.

## II. LEGAL STANDARD

It is ordinarily proper to bring a motion to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *Martin v. Safeco Ins.*, No. 06-6889, 2007 WL 2071662, at *1 (E.D.La. July 13, 2007). However, "[i]n circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a . . . cause of action, the proper course of action for the district court . . . is to . . . deal with the objection as a direct attack on the merits of the plaintiff's case' under . . . Rule 12(b)(6)." *Id.* (quoting *Williamson v. Tucker,* 546 F.2d 404, 415 (5th Cir. 1981)). Finding such circumstances to exist here, the Court will analyze the instant motion under the confines of Rule 12(b)(6).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal,* 556 U.S. at 662, 678 (2009) (internal citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citations omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, i.e., the type of claim at issue). In the evaluation of a Rule 12(b)(6) motion, the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir. 1986). Further, it must resolve in the plaintiff's favor "[a]ll questions of fact and any ambiguities in the controlling substantive law." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001).

### III. LAW AND ANALYSIS

Third-party practice, or impleader, is governed by Federal Rule of Civil Procedure 14, which provides that a defending party, as third-party plaintiff, may bring an action against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Regardless of the right asserted, central to impleader under Rule 14 is the notion of derivative liability, meaning that a third-party demand is only proper "if the impleaded party is or may be liable for part of 'the claim against [the original defendant.]'" *Mitchell v. Hood*, 614 F. App'x 137, 139 (5th Cir. 2015) (citing Fed. R. Civ. P. 14(a)(1)). The corollary of this requirement – that the third-party claim be derivative of the main claim – is that impleader "cannot be used to assert that the third-party defendant is also liable to the plaintiff." *Notre Dame, LLC v. Kolbe & Kolbe Mill Work Company, Inc.*, 2015 WL 9001918, *3 (E.D.La. Dec. 16, 2015) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978)). Rather, the original defendant must be able to demonstrate

a "basis for the third-party defendant's liability to the defendant (also known as the third-party

plaintiff)." *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 849–50 (5th Cir. 1978).

In addition to satisfying the derivative liability requirement of Rule 14, a third-party claim

must assert a right to relief that is viable under the applicable substantive law. *See Martco Ltd.*

*Partnership v. Bruks–Klockner, Inc.*, 430 Fed. App'x 332, 335 (5th Cir.2011). As this case involves

contractual and statutory claims, the substantive law for each are discussed separately.

### A. Contractual Claims

Even viewing the facts in the light most favorable to the plaintiff, the Court finds there to be

no contractual relationship between USAA and Lighthouse: USAA is not an express party to the

insurance contract between Lighthouse and Scott, and there is no indication that USAA  was an

intended third-party beneficiary to that contract. *See Martin v. Safeco Ins.*, No. 06-6889, 2007 WL

2071662, at \*2 (E.D.La. July 13, 2007) (explaining that third-party beneficiary status requires, *inter*

*alia*, a stipulation for the third party that is manifestly clear). In the absence of a contractual

relationship between the two, USAA may not assert a breach of contract claims against Lighthouse,

even if, as it argues, both insurers have issued policies covering the same residence that is now the

subject of this litigation.

### B. Statutory Claims

To bring a claim for bad faith under the Louisiana Revised Statutes 22:1892 and 22:1973,

a claimant must "have a valid, underlying, substantive claim upon which insurance coverage is

based." *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 526 (5th Cir. 2010) (quoting *Clausen v. Fid. &*

*Deposit Co. of Md.*, 95-0504 (La.App. 1 Cir. 8/4/95); 660 So.2d 83, 85). In the present case, USAA

has no coverage claim of its own against Lighthouse and, as discussed *supra*, no right to assert such

a claim under the contract between Lighthouse and Scott. The lack of an underlying coverage claim is therefore fatal to  USAA's third-party statutory claims seeking to impose liability on Lighthouse for penalties that Scott may recover against USAA.

### III. CONCLUSION

The lack of a contractual relationship between the two insurers precludes USAA from bringing third-party claims against Lighthouse for breach of contract and bad faith. Thus, **IT IS ORDERED** that Lighthouse's motion to dismiss is **GRANTED**, and that USAA's third-party demand is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this <u>29th</u> day of July 2016.

**KURT D. ENGELHARDT**
**United States District Judge**